# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2147 | **DATE** | 10/28/2004 |
| **CASE TITLE** | In Re: Virgil F. Liptak, d/b/a Designed Financial Services | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  The court grants Elizabeth Thornhill's Motion to Dismiss the Bankruptcy Appeal for Lack of Jurisdiction [7-1], to the extent that Liptak appeals from the bankruptcy court's February 19, 2004 order, the Court affirms the bankruptcy court's denial of the Motion for Extension of Time for an Appeal [3-3] and Motion for Stay Pending Appeal. Because this appeal lacks merit and for other relevant reasons, the Court in its discretion denies Liptak's Motion to Transfer Venue [3-2] and for a Stay Pending Appeal [3-1]. This case is hereby terminated. Enter Memorandum Opinion and Order.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | NOV 01 2004 | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | 14 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 10/29/2004 | |
| SRB | courtroom deputy's initials | 2004 OCT 29 AM 11:19 | date mailed notice SB | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: VIRGIL F. LIPTAK, d/b/a ) | 04 C 2147 |
| DESIGNED FINANCIAL SERVICES, ) | |
| ) | Appeal from 03 B 29854 |
| Debtor. ) | |
| ) | Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

Before the Court is Creditor Elizabeth Thornhill's Motion to Dismiss Debtor Virgil F. Liptak's bankruptcy appeal. For the reasons provided below, to the extent that Liptak appeals from the Bankruptcy Court's January 6, 2004 and January 22, 2004 orders, the Court grants the motion and dismisses the appeal for lack of jurisdiction. To the extent that Liptak appeals from the Bankruptcy Court's February 19, 2004 order, the Court affirms the Bankruptcy Court's denial of the request for an extension of time in which to appeal and motion for a stay pending appeal.

DOCKETED
NOV - 1 2004

## BACKGROUND

On January 6, 2004, Liptak's Chapter 11 bankruptcy case was dismissed by the bankruptcy court. On January 15, 2004, Liptak filed an Emergency Motion and Brief for Recusal/Disqualification of Judge Cox, To Reinstate the Stay, For Oral Evidentiary Hearing Before a Three Judge Panel, for *Vacatur*, and/or for Reconsideration *En Banc*. In that motion, he argued that because of the bar prohibiting him from re-filing, in addition to other complaints regarding the dismissal of his case, he was entitled to reinstatement of the stay pending appeal. On January 22, 2004, Liptak failed to appear in proceedings held before the bankruptcy court, and consequently, his motions were denied with prejudice on that date.

On February 19, 2004, Liptak argued at an emergency hearing that a timely notice of appeal was sent via U.S. mail on January 28, 2004 and that it was received by the court on February 2. Liptak made an oral motion for the Emergency Supplement, filed on February 19, 2004, to be considered as a timely notice of appeal, or alternatively for a finding of excusable neglect. The bankruptcy court declined to rule on the question of whether that filing constituted a notice of appeal from the bankruptcy court's order and whether it was timely filed, as the jurisdictional issue was more appropriately addressed on appeal. (Mem. Decision of 2/19/04 at 1.) The Court, however, found no excusable neglect for the purpose of extending the time to file a notice of appeal. (*Id.* at 1-2.) On February 20, 2004, Liptak filed a "3rd Notice of Appeal," which purports to appeal "from all of the Orders of Judge Jacqueline Cox rendered orally or in writing since Jan. 5, 2004 . . . ." (Liptak's 3rd Notice of Appeal at 1.) Creditor Thornhill moves to dismiss the appeal because (1) the bankruptcy appeal was not timely filed, which deprives this Court of jurisdiction as to certain of Liptak's appellate issues and (2) the bankruptcy court did not abuse its discretion with regard to its rulings on February 19, 2004.

## DISCUSSION

"District courts sit as appellate courts when hearing appeals from bankruptcy courts and, '[l]ike any federal appellate court, this court has a special obligation to satisfy itself that there is federal jurisdiction to hear the appeal.'" *In re Circle Fine Art Corp.*, Nos. 97 C 1155 & 96 B 3334, 1997 WL 534323, at 1 (N.D. Ill. Aug. 26, 1997) (quoting *In re Bowers-Siemon Chem.*, 123 B.R. 821, 822 (N.D. Ill. 1991)). 28 U.S.C. § 158(a) provides in pertinent part that district courts "shall have jurisdiction to hear appeals . . . from final judgments, orders and decrees." 28 U.S.C. § 158(a)(1). Therefore, this Court must determine whether it possesses the requisite jurisdiction

2

to hear Liptak's appeal from the dismissal of his bankruptcy case and all orders issued by the bankruptcy court since that dismissal.

Federal Rule of Bankruptcy Procedure 8002 requires that a notice of appeal be filed within ten days from the date of the judgment, order or decree from which the appeal is taken. FED. R. BANKR. P. 8002(a); *see In re Schwinn Bicycle Co.*, 209 B.R. 887, 890 (N.D. Ill. 1997); *Martin v. Bay State Milling Co.*, 151 B.R. 154, 155 (N.D. Ill. 1993). Rule 8002(c) allows an extension of time for filing a notice of appeal upon request by written motion filed before the time for filing a notice of appeal has expired. FED. R. BANKR. P. 8002(c)(2). Alternatively, such a motion for an extension of time may be granted so long as it is filed not later than twenty days after the expiration of time for filing a notice of appeal so long as there is a showing of excusable neglect. *Id.*

"The 10-day time period in which to file a bankruptcy appeal is jurisdictional under Bankruptcy Rule 8002(a)." *In re Peacock*, 125 B.R. 526, 528 n.7 (N.D. Ill. 1991). Accordingly, failure to file a timely notice of appeal divests the district court of jurisdiction and therefore requires dismissal of the appeal. *In re Schwinn*, 209 B.R. at 890. In the present case, this Court lacks jurisdiction to address the merits of the appeal unless Liptak can show that he: (1) filed a timely notice of appeal pursuant to Rule 8002(a); (2) filed a timely motion under Rule 8002(b); or (3) properly applied for an extension of time pursuant to Rule 8002(c).

An appeal from an order of a bankruptcy judge to a district court is taken by filing a notice of appeal with the bankruptcy court clerk within the time constraints of Rule 8002. FED. R. BANKR. P. 8001(a). To secure appellate review by the district court, the notice of appeal must: "(1) conform substantially to the appropriate Official Form [(Official Bankruptcy Form 17)], (2) contain the names of all parties to the judgment, order, or decree appealed from and the

3

names, addresses, and telephone numbers of their respective attorneys, and (3) be accompanied by the prescribed fee." *Id.*

The ten-day clock for filing a timely notice of appeal begins to tick on the date of entry of the order from which the appeal is made. FED. R. BANKR. P. 8002(a). In this case, Liptak appeals from three orders: (1) the January 6 order that dismissed his bankruptcy case; (2) the January 22 order that denied his motion to recuse Judge Cox and reinstate stay; and (3) the February 19 order that denied his motion for an extension of time in which to appeal and motion for a stay pending appeal. The Court addresses each in turn.

With regard to his appeal from the order entered January 6, the final day on which he could have filed a notice of appeal or a written motion for extension of time would have been January 21. On January 22, in open court Liptak requested that the bankruptcy court construe the motion to recuse Judge Cox and reinstate the stay that he filed on January 15 as a notice of appeal and find that it was timely filed. On that day, the bankruptcy court denied the request. The denial was not an abuse of the bankruptcy court's discretion because the motion neither provided a notice of appeal according to the requirements of Rule 8001(a), nor requested an extension of time for filing a notice of appeal according to the requirements of Rule 8002(c). Moreover, the appeal Liptak takes from the January 6 order in his "3rd Notice of Appeal" filed on February 20 is not timely filed because no appeal may be taken once thirty days have expired from the entry of the order. *See Martin,* 151 B.R. at 156.

Even if the Emergency Motion filed on January 15 cannot be construed as a notice of appeal, if it can be construed as a timely filed motion listed under Rule 8002(b), then the time for appeal would run from the entry of the order disposing of such a motion. Fed. R. Bankr. P. 8002(b). As Thornhill correctly argues, Liptak's Emergency Motion sought to recuse Judge Cox

and to reinstate the stay, and contained no other motions. Liptak has not argued in any brief before this Court any rationale to support that the motion to recuse Judge Cox and to reinstate the stay should qualify as a timely filed motion enumerated under Rule 8002(b). Accordingly, this Court holds that the time for appeal does not run from the entry of the order on January 22, and the appeal filed on February 20 would not be timely. However, for reasons discussed below, even if the Court were to find that the time for appeal ran from the entry of the order on January 22, it would still lack jurisdiction.

To the extent that Liptak appeals from the order entered on January 22, according to Rule 8002(a), the ten-day time frame in which Liptak had to file a notice of appeal from that order ended on February 5. Therefore, Liptak's 3rd Notice of Appeal filed on February 20 was not timely. However, the heading "3rd Notice of Appeal" presumes that there were two other notices of appeal filed prior to the filing of that document. First, Liptak refers to a "premature informal Notice of Appeal" filed on January 15. However, the Court has concluded that the January 15 filing did not constitute a notice of appeal as to the January 6 order. Second, Liptak argues that a timely notice of appeal was sent by U.S. mail on January 28 and was received by the clerk on February 2. Although a notice of appeal would have been timely if filed on that date, there is no evidence in the record of the Bankruptcy Court's stamped receipt of such a filing or evidence that Liptak's submission complied with the Bankruptcy Court's rules. In fact, the record shows ample evidence that the submission was noncompliant and hence rejected by the Bankruptcy Court. Thus, because Liptak failed to file a timely appeal, this Court lacks jurisdiction as to any ruling made on January 22.

Finally, Liptak appeals the bankruptcy court's February 19 order in which it found insufficient grounds for excusable neglect to support an extension of time for appeal and denied

a stay pending appeal. Clearly, as to this order, Liptak's notice of appeal filed on February 20 was timely filed. However, unfortunately for Liptak, his appeal of this order fails on the merits.

"[A]ppellate review of a bankruptcy court's conclusion of 'excusable neglect' is deferential, and thus reviewed for abuse of discretion." *Farley Inc. v. Ohio Bureau of Workers' Comp.*, 213 B.R. 138, 141 (N.D. Ill. 1997) (quoting *In re Singson*, 41 F.3d 316, 320 (7th Cir. 1994)). To challenge a bankruptcy court's denial of a motion for extension of time to file a notice of appeal, an appellant "must direct this Court's attention to some alleged error in that ruling or the process that led to its issuance." *Robinson v. Belom*, No. 03 C 0001, 2003 WL 21183916, at *3 (N.D. Ill. May 19, 2003). In addition, "the power to grant a stay pending appeal is within the [bankruptcy judge's] sound discretion," and accordingly, "we review for abuse of discretion only." *Chapman v. Citicorp Mortgage, Inc.*, No. 92 C 2862, 1992 WL 157499, at *6 (N.D. Ill. June 23, 1992). "[A] court abuses its discretion when its decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied." *In re KMart*, 381 F.3d 709, 713 (7th Cir. 2004). An abuse of discretion will be found "'only if no reasonable person could agree with the [ruling].'" *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 357 (7th Cir. 1997) (quoting *Tobel v. City of Hammond*, 94 F.3d 360, 362 (7th Cir. 1996)).

On February 19, 2004, Judge Cox granted Liptak a hearing on his self-titled "Emergency Supplement and Request for Mandamus Re: Debtor/Appellant's 1st Verified Supplemental Motion and Brief for Stay, Pending Appeal." She permitted Liptak to argue that his failure to file a timely notice of appeal was due to excusable neglect, despite the fact that he did not file a proper motion for an extension of time to appeal and despite the fact that no other parties were present. Judge Cox employed the correct "excusable neglect" standard and found that Liptak

failed to satisfy it. In her words:

> Numerous Illinois lawyers exist in the Northern District of Illinois, including his
> attorney who represented him in this bankruptcy case, who could have been hired
> to file a facially sufficient and timely notice of appeal. He has not established
> why the normal 10 day period for filing an appeal was insufficient, especially
> considering the fact that the former debtor filed two emergency motions in person
> in this bankruptcy case.

(Mem. Decision of 2/19/04 at 2.) There is ample support in the record to support Judge Cox's denial of Liptak's motion for an extension of time for the appeal. The record shows that Liptak has been so preoccupied defending litigation in other states, such as Pennsylvania, that he has had little time to dedicate to the bankruptcy case here. (*See, e.g.*, Tr. of 2/19/04 Hr'g at 7.) The record shows that Liptak mailed a notice of appeal and that it was received by the district court, not the bankruptcy court, on February 2, 2004. (*Id.* at 8.) Arnaldo Rivera, Manager of the Public Service Team and Manager of Courtroom Services for the U.S. Bankruptcy Court for the Northern District of Illinois, testified that apparently Liptak sent the notice of appeal to the district court together with his personal check for $105.00 made out to the district court clerk and his check for $500.00 made out to the court reporters. (*Id.* at 11.) Rivera testified that the bankruptcy court did not receive the notice of appeal until February 12, 2004. (*Id.* at 12.) Rivera had no knowledge as to when the district court received the notice of appeal and checks. (*Id.*) He testified that because (1) the fee for the notice of appeal was $255 and the check for $105 fell short of that amount and indicated an incorrect payee, and (2) the bankruptcy court is not allowed to accept checks made from the debtor, on February 18, 2004, the bankruptcy court sent the notice of appeal and the two checks back to Liptak. (*Id.* at 11-12.) Accordingly, the notice of appeal was never filed, and Liptak does not have any evidence to the contrary (*Id.* at 23.)

7

Thus, Liptak failed to file a timely appeal because he filed the appeal in the wrong court, paid the wrong court, and paid the wrong court the wrong amount of money. Judge Cox's denial of the motion for an extension of time to appeal was not an abuse of discretion. She did not premise her ruling on an incorrect legal principle or a clearly erroneous factual finding. The record shows evidence to support her conclusion that Liptak failed to establish excusable neglect.

This Court acknowledges that Liptak is appearing *pro se*. When determining the character of a *pro se* filing, "courts should look to the substance of the filing rather than its label." *U.S. v. Antonelli*, 371 F.3d 360, 361 (7th Cir. 2004). However, even parties who proceed *pro se* are "not entitled to a general dispensation from rules of procedure or court-imposed deadlines." *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996). In light of this standard, Liptak will not be insulated from the consequences of his untimely filings.

Lastly, the bankruptcy court did not abuse its discretion when it denied in open court Liptak's motion for a stay pending appeal. The court stated that on January 22, 2004, it had denied Liptak's motion for a stay because he failed to appear at a scheduled hearing on the matter. Liptak's excuse was that he had to be in Pennsylvania on that date to attend to other litigation and could not hire attorneys because he had been blacklisted. He offered no explanation as to why he could not have called prior to the hearing date to reset the date to one which accommodated his travel schedule. Clearly, there are adequate reasons in the record for Judge Cox's denial of the stay pending appeal.

## CONCLUSION

For the reasons discussed above, to the extent that Liptak appeals from the bankruptcy court's January 6, 2004 and January 22, 2004 orders, the Court grants Elizabeth Thornhill's motion to dismiss the bankruptcy appeal for lack of jurisdiction [7-1]. To the extent that Liptak appeals from the bankruptcy court's February 19, 2004 order, the Court affirms the bankruptcy court's denial of the motion for extension of time for an appeal and motion for a stay pending appeal. Because this appeal lacks merit and for other relevant reasons, the Court in its discretion denies Liptak's motion to transfer venue and for a stay pending appeal [3-1]. This case is hereby terminated.

**SO ORDERED**  **ENTERED:**

*Ronald A. Guzman*
HON. RONALD A. GUZMAN
**United States Judge**